**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**


**Civil Action No. 1:25-cv-_____**

aANTONOP OPERATIONS LLC, a Wyoming limited liability company,
and
Andreas M. ANTONOPOULOS, a citizen of the state of Wyoming,

    Plaintiffs,

   **versus**

ANDREAS M. ANTONOPOULOUS INC., a Colorado corporation
   fraudulently registered in the State of Colorado,

Olivier SEGUIN, an individual listed as the incorporator and registered
   agent of Defendant Andreas M. Antonopoulos Inc., and

Jane DOE, an unknown individual responsible for the unlawful acts
   alleged herein,

    Defendants,

   **with**

JENA GRISWOLD, Secretary of State of the State of Colorado, solely in
   her official capacity and exclusively for purposes of implementation
   of injunctive relief concerning Colorado business entity registration.

---

**VERIFIED COMPLAINT**

---

   COMES NOW Plaintiffs aantonop Operations LLC and Andreas M.

Antonopoulos, through their undersigned counsel with Recht Kornfeld, P.C., for this

Verified Complaint against Andreas M. Antonopoulos Inc., Olivier Seguin, and Jane

Doe, seeking relief for trademark infringement, unfair competition, deceptive trade

practices, and misappropriation of name, and as verified herein, they do so state and allege as follows:

## Introduction

1.      Plaintiff Andreas M. Antonopoulos is an internationally renown author, educator, and expert on blockchain technology and cryptocurrencies who has published numerous books on these topics, who consults on the technology behind cryptocurrencies with various governmental regulatory bodies and nongovernmental organizations, as well as businesses and industry groups, and who provides online lectures for the general public to demystify these topics.  But, he **never ever** engages in investment advice or crypto trading seminars.

2.      Despite Mr. Antonopoulos' vehement avoidance of any kind of crypto trading advice, and entirely without his permission or the permission of his operating company aantonop Operations, LLC, which manages Mr. Antonopoulos' intellectual property rights, Defendants here are using his name and his registered trademarks to dupe unsuspecting consumers with fake crypto trading seminars.  The Defendants' schemes have been furthered by their unauthorized use of Mr. Antonopoulos' own name in the name of a registered for-profit corporation that was fraudulently placed on the Colorado Secretary of State's business entity register, and the Defendants have used the automatically generated "certificates of good standing" that the Colorado Secretary of State's office makes available for this new corporation to buttress their fraudulent schemes.

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

3.      This civil action seeks injunctive relief to halt the confusing unauthorized

use by the Defendants of Mr. Antonopoulos' name and his trademarks to ensure that

future consumers do not fall victim to any more of Defendants' hawking of so-called

once-in-a-lifetime opportunities framed around Mr. Antonopoulos' reputation and

integrity in the cryptocurrency arena.  Without the relief requested here, not only will Mr.

Antonopoulos' reputation continue to be harmed, but countless future consumers will

suffer even further financial harm as the Defendants continue to market their deceptive

online cryptocurrency "bootcamps" and seminars.

## **PARTIES**

4.      Plaintiff aantonop Operations LLC is a limited liability company organized

under the laws of the State of Wyoming, registered to do business there with the

Wyoming Secretary of State's office, in good standing, with its principal place of

business in Sheridan, Wyoming.  aantonop Operations LLC manages the intellectual

property rights of Plaintiff Andreas M. Antonopoulos, including his registered trademark

and his commercial right of publicity.

5.      Plaintiff Andreas M. Antonopoulos is a citizen of the United States, and he

resides in the State of Wyoming.

6.      Defendant Andreas M. Antonopoulos Inc. is a for-profit corporation

organized under the laws of the State of Colorado, listing its principal place of business

in Denver, Colorado.

7.      Defendant Olivier Seguin is a person of unknown citizenship or residency

who is listed as the incorporator and registered agent for Defendant Andreas M.

-3-

Antonopoulos Inc. Pursuant to Colorado law, as a registered agent, Defendant Seguin must be eighteen years of age and hold a valid Colorado driver's license or state identification card.  *See* C.R.S. § 7-90-701(1)(a).  On information and belief, Defendant Seguin holds no such driver's license or state identification card.

8.     Defendant Jane Doe is a person of unknown identity or residency who engaged in the unauthorized use of Plaintiffs' names and trademarks without authorization that are the subject matter of this civil action.

9.     Interested party Jena Griswold is the Secretary of State of the State of Colorado, and in that role, her office is responsible for maintaining the register of business entities formed in Colorado. Secretary Griswold is named solely in her official capacity, and only for purposes of obtaining potential injunctive relief concerning the listing of the Defendant entity Andreas M. Antonopoulos, Inc., on Colorado's registry of business entities. No claim of any wrongdoing is asserted against Secretary Griswold or her office. The plaintiffs have named the Secretary to ensure notice and an opportunity to be heard should the Secretary wish to avail herself of an appearance in this matter.

## **Jurisdiction and Venue**

10.     This action is brought under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* This Court has jurisdiction pursuant to section 1121 of the Act (15 U.S.C. § 1121), as well as supplemental jurisdiction over the state and common law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

11.     This Court has personal jurisdiction over Defendants as the acts set forth below occurred and are occurring in commerce in the District of Colorado.

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

**12.** Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District of Colorado because the actions which give rise to the claims herein have occurred in this District and will continue to take place in this District, and Defendants do business within this District.

### **General Background**

Plaintiff's Expertise and Fame

**13.** Mr. Antonopoulos earned his educational degrees in computer science and data communications, networks and distributed systems from University College London, and he worked in the information security and blockchain industries before focusing his work on cryptocurrency technology.

**14.** Mr. Antonopoulos published his first book, *Mastering Bitcoin: Unlocking Digital Currencies*, in 2014, with a second updated edition in 2017, and his second book, *Mastering Ethereum: Building Smart Contracts and DApps* in 2018.  He has also published three volumes of his *The Internet of Money* series in 2016, 2017, and 2019. Most recently in 2022, he co-authored the book *Mastering the Lightning Network: A Second Layer Blockchain Protocol for Instant Bitcoin Payments* with Olaoluwa Osuntokun.  He has authored hundreds of syndicated articles on security, cloud computing, and data centers, and he is a frequent speaker at technology and security conferences worldwide.  He has been interviewed by ABC, BBC, Bloomberg, CBS, CNBC, CNN, NBC, and *Financial Times*, and he has been a repeat guest on *The Joe Rogan Experience* and *London Real*.  He was a permanent host on the *Let's Talk Bitcoin* podcast with more than 400 episodes recorded.

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

15.    Mr. Antonopoulos has served as a teaching fellow for the free *Introduction to Digital Currencies* course offered to the public at the University of Nicosia, having co-authored the course curriculum.

16.    He has appeared as an expert witness in legal cases and regulatory hearings around the world, including the Australian Senate Banking Committee and the Canadian Senate Commerce, Banking and Finance Committee.

17.    Mr. Antonopoulos markets online workshops and seminars on various cryptocurrency topics through Plaintiff aantonop Operations LLC's website https://aantonop.com/workshops-page/.

18.    Plaintiff aantonop Operations LLC owns the registered mark "**AANTONOP**," U.S. Serial No. 90577986, on the Principal Register, as well as the registered design mark , U.S. Serial No. 87690247, also on the Principal Register, in connection with Mr. Antonopoulos' educational videos on financial technology, cryptocurrencies, bitcoin and blockchains.

19.    Plaintiffs use these marks in commerce, and the marks have come to be recognized as distinctive designations of the source of the Plaintiffs' goods and services.

20.    These marks are entitled to a prima facie presumption of validity, exclusivity and enforceability under the Lanham Act, 15 U.S.C. § 1115(a).

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

Defendants' Infringing Conduct

**21.**    On July 30, 2024, Defendant Seguin filed Articles of Incorporation with the Colorado Secretary of State's office to incorporate Defendant Andreas M. Antonopoulos Inc., a for-profit corporation listing its principal office at 1775 Sherman Street, Denver, Colorado, 80203.  Defendant Seguin was listed as both the incorporator of the new business entity and its registered agent.  This corporation was required to file its first annual report renewing its business registration no later than September 30, 2025, but it failed to do so, and the corporation is now listed as "Noncompliant" on the Secretary of State's website.

**22.**    On information and belief, the office building at the listed address of 1775 Sherman Street, known as Lincoln Crossing, has no tenant under the name Andreas M. Antonopoulos Inc., nor is Defendant Seguin listed anywhere in the building's directory of individuals with offices at the location.

**23.**    On information and belief, the use of the 1775 Sherman Street address in Denver for the defendant corporation was without permission or knowledge of the either the owner or the leasing agent for the Lincoln Crossing office building, and the listing of that address as both the principal office of the corporation and the address at which Defendant Seguin could be found and served as the registered agent of the corporation, was and is false, and constituted a fraudulent business registration under C.R.S. § 7-90-314(1).

**24.**    In March 2025, Plaintiffs learned for the first time of marketing that used Mr. Antonopoulos' name and the registered trademarks in connection with an

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

investment and trading "bootcamp" that purported to teach Mr. Antonopoulos' "trading strategies and precise trading signals."

25.    In response, Plaintiffs posted a warning on their own website, advising consumers to beware, as well as encouraging victims of the marketing schemes that exploited Mr. Antonopoulos' fame in the cryptocurrency world to report their experiences to their local law enforcement agencies:



26.    The Plaintiffs' warning to consumers states: "Andreas does not offer investment advice, or trading advice. He's said this hundreds of times in public, but

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

nevertheless scammers keep finding victims by impersonating him. Andreas doesn't even discuss the price of bitcoin. He has always focused on teaching about the technology and the social/economic impacts of technology. Not as an investment, but as a tool for individual empowerment. In fact, most often Andreas warns people not to use bitcoin or any other cryptocurrency as a speculative investment or get-rich-quick scheme."

27.     After posting this advisory on their own website, Plaintiffs have continued to receive reports from consumers that these "bootcamp" workshops are still being offered, sometimes as social media chat groups on WhatsApp or Signal, or through messaging channels on Telegram.  In every instance, the marketing for these events has used the Plaintiffs' marks and Mr. Antonopoulos' name without permission and with an intent to confuse consumers into believing that Plaintiffs had authorized or approved the program that was being offered

28.     The most recent solicitation by Defendants recruited participants to join a Telegram group channel that included more than 300 invitees:



*We are pleased to announce that Dean Antonopoulos's 8th Online Bootcamp will officially begin Oct 7, 2025.*
*We hope this bootcamp empowers you to discover your foundation and embark on a transformative path of personal and professional growth*

29.     On information and belief, based on reports that Plaintiffs have received from individuals who have been duped into participating in these investment

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

"bootcamps," consumers have lost substantial amounts of money that they have been unable to recover from the organizers of the bootcamps.

30.    Plaintiffs' reputations, the good will in their marks, and the commercial value of Mr. Antonopoulos' name and likeness have been harmed by the unscrupulous acts of promoting unauthorized and deceptive investment trading "bootcamps" during which participants regularly lose substantial amounts of money.  The unsavory associations created by the unauthorized use of Mr. Antonopoulos' name and Plaintiffs' marks constitute irreparable harm for which no adequate legal remedy exists, and Plaintiffs are therefore entitled to injunctive relief.

## FIRST CLAIM FOR RELIEF
(Trademark Infringement under Section 32
of the Lanham Act, 15 U.S.C. § 1114)

31.    Plaintiffs incorporate and reallege the allegations of Paragraphs 1 through 27 as though fully set out here.

32.    The Defendants' conduct constitutes trademark infringement of Plaintiffs' registered marks.

33.    Plaintiffs' marks are registered on the Principal Register, establishing *prima facie* evidence of the validity of the registered marks, Plaintiffs' ownership of the marks, and Plaintiffs' rights to exclusive use of these marks in connection with the goods and services that Plaintiffs offer.

34.    Without consent from Plaintiffs, Defendants have and are engaged in confusing use of Plaintiffs' registered marks in connection with investment trading

-10-

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

seminars, and such use constitute acts of trademark infringement in violation of 15 U.S.C. § 1114, that is, section 32 of the federal Lanham Act.

35.    Defendants are using Plaintiffs' marks to promote their investment "bootcamps" through marketing in channels of interstate commerce, including on the internet, through social media postings, and in group messages on messaging applications.

36.    Defendants' unauthorized use of Plaintiffs' marks has caused consumers to be confused as to the source, origin, quality, and approval of the services provided at the Defendants' investment "bootcamps."

37.    The Defendants have actual knowledge of Plaintiffs' rights to exclusive use of their registered marks in connection with the goods and services they provide, and the Defendants' acts of infringement are deliberate, malicious, fraudulent, willful, intentional, and done in bad faith, with full knowledge and conscious disregard of Plaintiffs' rights in their marks.

38.    Plaintiffs have been irreparably harmed, damaged and injured as a direct and proximate result of the Defendants' infringements of Plaintiffs' marks.

**SECOND CLAIM FOR RELIEF**
(Unfair Competition under Section 43(a)(1)(A)
of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

39.    Plaintiffs incorporate and reallege the allegations of Paragraphs 1 through 27 as though fully set out here.

40.    Plaintiff Andreas M. Antonopoulos derives commercial value from the fame and prestige of his name and likeness.

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

41.    Defendants have used Mr. Antonopoulos' name and likeness to their own commercial benefit without permission or authorization from Plaintiffs.

42.    It is damaging to Plaintiffs to be mistakenly associated with the Defendants' activities.

43.    The Defendants' conduct constitutes unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), that is, Section 43(a)(1)(A) of the Lanham Act.

44.    Plaintiffs have been irreparably harmed, damaged and injured as a direct and proximate result of the Defendants' unfair competition against Plaintiffs.

### THIRD CLAIM FOR RELIEF
(False Advertising under Section 43(a)(1)(B)
of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))

45.    Plaintiffs incorporate and reallege the allegations of Paragraphs 1 through 27 as though fully set out here.

46.    Defendants' use of Plaintiffs' registered marks and Mr. Antonopoulos' commercially valuable name and likeness in commercial advertising and promotion misrepresented the nature, characteristics, and qualities of Defendants' services and commercial activities and wrongfully designated the source and sponsorship of Defendants' activities to the detriment of Plaintiffs' goodwill and valuable reputation.

47.    The Defendants' conduct constitutes false advertising in violation of 15 U.S.C. § 1125(a)(1)(A), that is, Section 43(a)(1)(A) of the Lanham Act.

48.    Plaintiffs have been irreparably harmed, damaged and injured as a direct and proximate result of the Defendants' false advertising against Plaintiffs.

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

**FOURTH CLAIM FOR RELIEF**
(Common Law Misappropriation – Right of Publicity)

49.    Plaintiffs incorporate and reallege the allegations of Paragraphs 1 through 27 as though fully set out here.

50.    Plaintiffs are entitled to control and benefit from the commercial value of Mr. Antonopoulos' name and likeness.

51.    Defendants have used Mr. Antonopoulos' name and likeness to their own commercial advantage without permission or consent from Plaintiffs.

52.    The Defendants' conduct constitutes misappropriation of the right of publicity, in violation of Colorado's common law.

53.    Plaintiffs have been irreparably harmed, damaged and injured as a direct and proximate result of the Defendants' misappropriation of the right of publicity.

**FIFTH CLAIM FOR RELIEF**
(Violation of the Colorado Consumer Protection Act,
Deceptive Trade Practices under C.R.S. § 6-1-105)

54.    Plaintiffs incorporate and reallege the allegations of Paragraphs 1 through 27 as though fully set out here.

55.    The conduct by Defendants constitutes the following deceptive trade practices under the Colorado Consumer Protection Act:

   a)  Knowingly or recklessly making a false representation as to the source, sponsorship, approval, or certification of goods, services, or property (C.R.S. 6-1-105(1)(b));

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

b) Knowingly or recklessly making a false representation as to affiliation, connection, or association with or certification by another (C.R.S. 6-1-105(1)(c));

c) Knowingly or recklessly making a false representation as to the characteristics, benefits, or quantities of services, or a false representation as to the sponsorship, approval, affiliation, or connection of a person therewith (C.R.S. 6-1-105(1)(e)); and,

d) Fraudulent business registration in the unconsented use of an address not owned or controlled by Defendants for a business entity registration in violation of section 7-90-314(1) (C.R.S. 6-1-105(1)(ppp)).

56.    Defendants' actions significantly impact the public as actual or potential consumers of Defendants' services, including by misleading consumers who believe they are receiving services that have been approved by or are connected with Plaintiffs.

57.    Plaintiffs have suffered injury to legally protected interests, including infringement of their trademarks and injury in the course of their business.

//

//

//

//

//

//

//

//

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants, and that the Court:

      A.  Preliminarily and permanently enjoin the Defendants from any further use of Plaintiffs' marks or Mr. Antonopoulos' name.

      B.  Mandate that Defendant Andreas M. Antonopoulos Inc. must immediately file articles of voluntary dissolution of the corporate entity to permanently and irrevocably terminate the existence of the entity under C.R.S. § 7-114-103(1).

      C.  In the absence of action by Defendant Andreas M. Antonopoulos Inc. to file articles of voluntary dissolution, mandate that the Colorado Secretary of State terminate the existence of the corporate entity through the filing of a judicial order of dissolution.

      D.  Order an accounting to determine the Defendants' profits resulting from their unlawful actions.

      E.  Award Plaintiffs compensatory damages, enhanced damages, attorney's fees, and/or costs as may be awardable, including pursuant to C.R.S. § 6-1-113.

      F.  Award any other relief to which the Plaintiffs may be entitled.

## JURY DEMAND

Plaintiffs request a trial by jury on all issues so triable.

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

## <u>Verification Under Oath</u>

I, undersigned Plaintiff Andreas M. Antonopoulos, on behalf of myself and on behalf of Plaintiff aantonop Operations LLC, the operating company through which I do business, do hereby verify and state under penalty of perjury that the foregoing factual statements and representations in this Verified Complaint are true and correct to the best of my knowledge, and that I adopt and affirm the legal arguments contained herein.

Executed this 11 / 17 /2025 day of November, 2025,

Plaintiff **Andreas M. Antonopoulos**:

I do so swear and affirm.

_____

(DocuSign envelope record on file with counsel.)

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d

Respectfully submitted this 17th day of November,

Christopher P. Beall
   (NY Bar 4866786; CO Bar 28536)
RECHT KORNFELD, P.C.
1600 Stout Street, Suite 1400
Denver, CO 80202
Phone: 303.573.1900
christopher@rklawpc.com

Attorney for Plaintiffs aantonop Operations LLC
and Andreas M. Antonopoulos

Doc ID: 853e876d10603cf8b879afa0ddf747587cf78c7d